

United States District Court
Southern District of Texas
FILED

AUG 2 9 2003

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERTO ALVAREZ, BY AND | § | |
| THROUGH HIS NEXT FRIEND, | § | |
| ROBERTO ALVAREZ, JR. | § | |
| | § | |
| VS. | § | CIVIL ACTION NO._____ |
| | § | **JURY** |
| LIVING CENTERS OF TEXAS, INC.; | § | |
| MARINER HEALTH CARE, INC. | § | |

G-03-687

B-03-212

## ORIGINAL COMPLAINT

TO THE UNITED STATES DISTRICT COURT:

COMES NOW Roberto Alvarez, by and through his next friend, Roberto Alvarez, Jr., Plaintiff, and files this Original Complaint against Living Centers of Texas, Inc., and Mariner Health Care, Inc. Plaintiff would show the following in support of this Original Complaint:

### I.

### PARTIES

**A. PLAINTIFFS**

1.  **Roberto Alvarez** is a citizen and resident of the State of Texas. Roberto Alvarez, Jr., is next friend for Roberto Alvarez. Roberto Alvarez, Jr., is also the natural son of Roberto Alvarez.

**B. DEFENDANTS**

2.  **Living Centers of Texas, Inc.,** is a Delaware Corporation. Based on information and belief, Living Centers of Texas, Inc., has its principal place of business in a state other than Texas. Living Centers of Texas, Inc., owned and/or operated numerous nursing homes in the State of Texas, including a nursing home known as Retama Manor Nursing Center in

1

Raymondville, Texas. Based on information and belief, Living Centers of Texas, Inc., resides in the Southern District of Texas as it owns and operates numerous facilities throughout the southern district of Texas.

Living Centers of Texas, Inc., may be served by serving its registered agent for service, **CT Corporation System, 1021 Main Street, Suite 1150, Houston, Texas 77002.**

**Mariner Health Care, Inc.,** is a Delaware Corporation. Based on information and belief, Mariner Health Care, Inc., has its principal place of business in a state other than Texas. Mariner Health Care, Inc., is registered to do business in the State of Texas and operates throughout the State of Texas. Based on information and belief, Mariner Health Care, Inc., managed Retama Manor Nursing Center in Raymondville at all times relevant to this lawsuit. Mariner Health Care, Inc., may be served through by serving its registered agent for service **CT Corporation System, 350 N. St. Paul Street, Dallas, Texas 75201.**

## II.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. §1332 as there is complete diversity and the amount in controversy exceeds $75,000.00 exclusive of interests and costs. In addition, the federal courts have jurisdiction over this matter pursuant to 28 U.S.C. § 1331 as Defendants' conduct violated 42 U.S.C. §§ 483.10, 483.12, 483.13, 483.15, 483.25, 483.30, 483.65, 483.75, and 483.251. The violation of these federal regulations is negligence *per se* and was the cause of the damages suffered by the plaintiffs.

4.   Venue is proper in the United States District Court for the Southern District of Texas-Galveston Division pursuant to 28 U.S.C. § 1391.

## III.

## Background

5.      Roberto Alvarez is the elderly father of Roberto Alvarez, Jr. Alvarez, a federal Medicaid patient, was a resident at Retama Manor Nursing Center in Raymondville, Texas, which at all relevant times, was owned and operated by a Delaware corporation known as Living Centers of Texas, Inc., and was managed by Mariner Health Care, Inc. The State of Texas Department of Human Services investigated the nursing facility numerous times. Based on information and belief, the officers and directors of Living Centers of Texas, Inc., and Mariner Health Care, Inc., knew or should have known about the State's adverse findings and/or horrible living conditions at Retama Manor Nursing Center, but ignored them.

6.      In order to maximize profits, Living Centers of Texas, Inc., and Mariner Health Care, Inc., and their officers and directors negligently minimized the staff at Retama Manor Nursing Center and hired unqualified and/or minimally qualified individuals. Living Centers of Texas, Inc. and Mariner Health Care, Inc., and their officers and directors intentionally failed to supervise and/or negligently supervised the staff at Retama Manor Nursing Center. As a result, Roberto Alvarez lived in unsanitary conditions, was abused, neglected, allowed to fall numerous times, and he was not adequately fed and hydrated, and his quality of life and his health continuously declined.

7.      At all times relevant to this lawsuit, the staff members at Retama Manor Nursing Center were employees, agents, and/or representatives acting in the course and scope of their employment with Living Centers of Texas, Inc., and/or Mariner Health Care, Inc. Therefore, Living Centers of Texas, Inc. and Mariner Health Care, Inc. and its officers and directors are vicariously liable for the conduct of the Retama Manor Nursing Center staff.

8.      During his residency at Retama Manor Nursing Center, the staff failed to provide Alvarez appropriate services, care, and/or treatment.  Alvarez was allowed to fall, hitting his head and sustaining a serious head injury which, ultimately, required surgery to relieve the pressure from a subdural hematoma.

9.      When Alvarez returned to the nursing facility from the hospital, he was not adequately cared for or hydrated and he became very dehydrated and malnourished.   Alvarez was required to be re-hospitalized because of the dehydration and malnourishment.

10.     Because of his injuries, maltreatment, and general neglect, Mr. Alvarez's quality of life has greatly diminished and his physical and mental condition has deteriorated to the point that he is now on life support.

## IV.

## NEGLIGENCE

11.     Paragraphs 1-10 are incorporated by reference.  Plaintiff complains that defendants and/or their representatives, agents and/or employees were negligent in their care and treatment of Alvarez.  Defendants were negligent in a number of respects, including but not limited to:

        a. Their failure to properly assess and monitor Alvarez's condition, including but not limited to the failure to recognize significant changes in Alvarez's condition that required emergency medical treatment;

        b. Their failure to timely notify a physician of significant changes in Alvarez's condition;

        c. Their failure to initiate proper nursing intervention and their failure to provide appropriate services, care and treatment to Alvarez;

4

e. Their failure to provide appropriate services, care and treatment to Alvarez;

f. Their failure to adequately screen and failure to hire a sufficient number of qualified and competent representatives, agents and/or employees;

g. Their failure to train and supervise or their failure to adequately train and supervise their representatives, agents and/or employees,

h. Their failure to remedy regulatory violations and provide adequate staffing at Retama Manor Nursing Center to ensure residents, such as Alvarez, received appropriate services, care and treatment and maintain their quality of life;

i. Their failure to document properly and accurately Alvarez's medical records;

j. Their failure to properly monitor and prevent Alvarez from falling on numerous times and ultimately sustaining serious injuries to his head;

k. Their failure to keep Alvarez adequately hydrated and nourished.

These and other allegations of negligence, will be proven at the trial of this cause. The Defendants' intentional and/or negligent conduct was the cause and proximate cause of the damages suffered by Alvarez.

**V.**

**NEGLIGENCE *PER SE***

12.    Paragraphs 1-11 are incorporated by reference. Defendants' acts and omissions as set forth above were in clear violation of State and Federal regulations. In particular, defendants violated 40 T.A.C. §§ 19.1111, 19.705, 19.901,19.1001,19.1601, 19.1701, 19.403 and 42 C.F.R. §§ 483.10, 483.12, 483.13, 483.15, 483.25, 483.30, 483.65, 483.75, 483.251. These State and Federal regulations were specifically intended to afford protection to residents of nursing homes,

such as Alvarez. Defendants' violations of these regulations were proximate causes of the damages suffered by Alvarez and his deterioration of physical and mental health.

## VI.

## DAMAGES

13.    Alvarez seeks all damages he is entitled to recover under Texas Law for his damages and for injury to his familial relationships.

## VII.

## EXEMPLARY DAMGES

14.    Paragraphs 1-13 are incorporated by reference. Defendants' conduct, as set forth above, is intentional and/or grossly negligent and demonstrates malice and willful, wanton, and total reckless disregard for the rights, safety and well being of Alvarez and other patients in defendants' facility. Defendants' intentional and/or grossly negligent acts and/or omissions were causes and a proximate cause of plaintiff's damages and plaintiff is entitled to exemplary/punitive damages. Moveover, because the defendants' conduct constitutes abuse of the elderly as defined in the Texas Penal Code, defendants are not entitled to the protection of any limitation on the amount of punitive damages.

WHEREFORE, premises considered, plaintiff respectfully requests this Court to cite Defendants to appear, grant Plaintiff a jury trial, and after a jury trial, award Plaintiff in excess of five million dollars ($5,000,000.00) for actual damages and in excess of ten million dollars ($10,000,000.00) for punitive damages as well as all other damages to which they are entitled to recover and to award prejudgment and postjudgment interest.

Respectfully submitted,

BATES & LEE, P.C.

BY _____

GARY LEE
Bates & Lee, P.C.
FED 6728
SBN 12118000
11550 Fuqua, Suite 370
Houston, Texas 77034-4588
281-484-0016
281-484-2677 (Fax)


ANTHONY BUZBEE
The Buzbee Law Firm
SBN 24001820
2401 W Parkwood # B
Friendswood, Texas 77546
281-992-5393
281-992-5392 (Fax)
ATTORNEYS FOR PLAINTIFF

# BATES & LEE

*A Professional Corporation*

ATTORNEYS AT LAW

11550 FUQUA, SUITE 370
HOUSTON, TEXAS 77034

United States District Court
Southern District of Texas
FILED

OCT 2 7 2003

Michael N. Milby, Clerk

(281) 484-0016
Fax (281) 484-2677

Robert D. Bates
Gary Lee

October 24, 2003

United States District Court Clerk
P. O. Drawer 2300
Galveston, Texas 77553

      Re:    No. G-03-687; **Roberto Alvarez, by and through his next friend, Roberto Alvarez, Jr. vs. Living Centers of Texas, Inc. and Mariner Health Care, Inc.**; In the United States Southern District Court of Texas, Galveston Division

Dear U.S. District Clerk:

Enclosed please find the original and one of the following documents for filing with the court in the above-referenced cause of action:

1.    Joint Discovery/Case Management Plan Under Rule 26(f) Federal Rules of Civil Procedure; and

2.    Agreement Regarding Experts Reports Required by Article 4590i of the Revised Civil Statutes of Texas.

Also, please return to our office a file-stamped copy of each instrument for our files. I am providing a self-addressed, stamped envelope for your convenience.

Thank you for your assistance.

                      Yours very truly,
                      BATES & LEE, P.C.

                      Tammy Lenaburg
                      Legal Assistant to Gary Lee

/tl
Enclosures

cc:

John Kapacinskas
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Ste. 5100
Houston, Texas  77010-3095

Anthony Buzbee
The Buzbee Law Firm
2401 W Parkwood # B
Friendswood, Texas 77546

# FULBRIGHT & JAWORSKI L.L.P.

A REGISTERED LIMITED LIABILITY PARTNERSHIP
1301 MCKINNEY, SUITE 5100
HOUSTON, TEXAS 77010-3095
WWW.FULBRIGHT.COM

United States Courts
Southern District of Texas
FILED

SEP 3 0 2003

Michael N. Milby, Clerk

JKAPACINSKAS@FULBRIGHT.COM
DIRECT DIAL: (713) 651-8472

TELEPHONE:     (713) 651-5151
FACSIMILE:     (713) 651-5246

September 30, 2003

Mr. Michael N. Milby
U.S. District Clerk
515 Rusk
Houston, TX 77002

Re:    C.A. No. G-03-687; *Roberto Alvarez, By and through His Next Friend, Roberto Alvarez, Jr.;* In the United States District Court For The Southern District of Texas, Galveston Division

Dear Mr. Milby:

Enclosed for filing in the above matter please find an original and one copy of Living Centers of Texas, Inc.'s Motion to Dismiss, Original Answer and Jury Demand.

Please place your file mark on the enclosed copies and return them for our file.

By copy of this letter and enclosures, all counsel of record are being served.

Very truly yours,

John F. Kapacinskas

JFK/rjh
Enclosures

cc:    Mr. Gary Lee                          **BY HAND DELIVERY**
       Bates & Lee, P.C.
       11550 Fuqua, Suite 370
       Houston, TX 77034-4588

20074170.1

HOUSTON • NEW YORK • WASHINGTON DC • AUSTIN • DALLAS • LOS ANGELES • MINNEAPOLIS • SAN ANTONIO • HONG KONG • LONDON • MUNICH

# BATES & LEE

*A Professional Corporation*

ATTORNEYS AT LAW

11550 FUQUA, SUITE 370
HOUSTON, TEXAS 77034

Robert D. Bates
Gary Lee

United States District Court
Southern District of Texas
FILED

SEP 1 7 2003

Michael N. Milby, Clerk

(281) 484-0016
Fax (281) 484-2677

September 16, 2003

United States District Court Clerk
P. O. Drawer 2300
Galveston, Texas 77553

Re:   No. G-03-687; **Roberto Alvarez, by and through his next friend,
Roberto Alvarez, Jr. vs. Living Centers of Texas, Inc. and Mariner
Health Care, Inc.;** In the United States Southern District Court of Texas,
Galveston Division

Dear U.S. District Clerk:

Enclosed please find the original and one copy of the following documents for
filing with the court in the above-referenced cause of action:

1.   Disclosure of Interested Parties

Also, please return to our office a file-stamped copy of this letter for our files.   I
am providing a self-addressed, stamped envelope for your convenience.

Thank you for your assistance.

Yours very truly,
**BATES & LEE, P.C.**

Tammy Lenaburg
Legal Assistant to Gary Lee

/tl
Enclosures

cc:

Anthony Buzbee
The Buzbee Law Firm
2401 W Parkwood # B
Friendswood, Texas 77546

Greg Alexander
The Alexander Law Firm
711 W. Bay Area Boulevard, Ste 400
Webster, Texas 77598

AO 440 (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | Texas |
|---|---|---|

Roberto Alvarez, by and through his next of friend, Roberto Alvarez, Jr.

V.

Living Centers of Texas, Inc., and Mariner Health Care, Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER **G - 03 - 687**

TO: (Name and address of Defendant)

Living Centers of Texas, Inc.
c/o CT Corporation System
1021 Main Street, Suite 1150
Houston, Texas 77002

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gary Lee
Bates & Lee, P.C.
11550 Fuqua, Suite 370
Houston, Texas 77034

an answer to the complaint which is herewith served upon you, within _____ 20 _____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

MICHAEL N. MILBY

AUG 2 9 2003

CLERK

DATE

AO 440  (Rev. 10/93) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

| Southern | District of | Texas |

Roberto Alvarez, by and through his next of
friend, Roberto Alvarez, Jr.

V.

Living Centers of Texas, Inc., and
Mariner Health Care, Inc.

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **G-03-687**

TO: (Name and address of Defendant)

Mariner Health Care, Inc.
c/o CT Corporation System
350 North St. Paul Street
Dallas, Texas 78701

**YOU ARE HEREBY SUMMONED** and required to serve upon PLAINTIFF'S ATTORNEY (name and address)

Gary Lee
Bates & Lee, P.C.
11550 Fuqua, Suite 370
Houston, Texas 77034

an answer to the complaint which is herewith served upon you, within _____20_____ days after service of this
summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for
the relief demanded in the complaint.  You must also file your answer with the Clerk of this Court within a reasonable period
of time after service.

AUG 2 9 2003

| CLERK  MICHAEL N. MILBY | DATE |

JS 44 (Rev. 3/99)  **CIVIL COVER SHEET**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS**

Roberto Alvarez, through next friend, Roberto Alvarez, Jr.

**DEFENDANTS**

Living Centers of Texas, Inc., and Mariner Healthcare, Inc.

# G-03-687

**(b)** County of Residence of First ___ Willacy ___
(EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed ___
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
LAND INVOLVED.

United States District Court
Southern District of Texas
FILED

AUG 2 9 2003

**(c)** Attorney's (Firm Name, Address, and Telephone Number)

Bates & Lee, P.C.          The Buzbee Law Firm
Gary Lee                   Anthony Buzbee
11550 Fuqua, Suite 370     2401 West Parkwood Avenue, Suite B
Houston., Texas 77034      Friendswood, Texas 77546
281-484-0016               281-992-5393

Attorneys (If Known)

Michael N. Milby, Clerk

**II. BASIS OF JURISDICTION** (Place an "X" in One Box Only)

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question (U.S. Government Not a Party) |
| ☐ 2 U.S. Government Defendant | x 4 Diversity (Indicate Citizenship of Parties in Item III) |

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (Place an "X" in One Box for Plaintiff
(For Diversity Cases Only) and One Box for Defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | x 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | x 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. NATURE OF SUIT** (Place an "X" in One Box Only)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | x 362 Personal Injury— | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product | Med. Malpractice | ☐ 625 Drug Related Seizure | ☐ 423 Withdrawal | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | Liability | ☐ 365 Personal Injury — | of Property 21 USC 881 | 28 USC 157 | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment | ☐ 320 Assault, Libel & | Product Liability | ☐ 630 Liquor Laws | | ☐ 460 Deportation |
| & Enforcement of Judgment | Slander | ☐ 368 Asbestos Personal | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 470 Racketeer Influenced and |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' | Injury Product | ☐ 650 Airline Regs. | ☐ 820 Copyrights | Corrupt Organizations |
| ☐ 152 Recovery of Defaulted | Liability | Liability | ☐ 660 Occupational | ☐ 830 Patent | ☐ 810 Selective Service |
| Student Loans | ☐ 340 Marine | **PERSONAL PROPERTY** | Safety/Health | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ |
| (Excl. Veterans) | ☐ 345 Marine Product | ☐ 370 Other Fraud | ☐ 690 Other | | Exchange |
| ☐ 153 Recovery of Overpayment | Liability | ☐ 371 Truth in Lending | | | ☐ 875 Customer Challenge |
| of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal | **LABOR** | **SOCIAL SECURITY** | 12 USC 3410 |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle | Property Damage | ☐ 710 Fair Labor Standards | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 190 Other Contract | Product Liability | ☐ 385 Property Damage | Act | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| | | | ☐ 730 Labor/Mgmt.Reporting | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate | & Disclosure Act | | Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | Sentence | ☐ 740 Railway Labor Act | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff | Under Equal Access to |
| ☐ 240 Torts to Land | Accommodations | ☐ 530 General | ☐ 790 Other Labor Litigation | or Defendant) | Justice |
| ☐ 245 Tort Product Liability | ☐ 444 Welfare | ☐ 535 Death Penalty | | ☐ 871 IRS—Third Party | ☐ 950 Constitutionality of |
| ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. | 26 USC 7609 | State Statutes |
| | | ☐ 550 Civil Rights | Security Act | | ☐ 890 Other Statutory Actions |
| | | ☐ 555 Prison Condition | | | |

**V. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

|  |  |
|---|---|
| x 1 Original Proceeding | ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify) ☐ 6 Multidistrict Litigation ☐ 7 Appeal to District Judge from Magistrate Judgment |

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write brief statement of cause.
Do not cite jurisdictional statutes unless diversity.)

28 U.S.C. § 1332- COMPLETE DIVERSITY AND AMOUNT IN CONTROVERSY  EXCEEDS $75,000.00
42 U.S.C. §§ 483.10, 483.12, 483.13, 483.15, 483.25, 483 30, 483.65, 483.75, and 483.251 -NURSING HOME STATUTORY REQUIREMENTS

**VII. REQUESTED IN** ☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $ 15,000,000.00   CHECK YES only if demanded in complaint:
**COMPLAINT:**   UNDER F.R.C.P. 23   JURY DEMAND:  X Yes  ☐ No

**VIII. RELATED CASE(S)** (See instructions):
**IF ANY**   JUDGE ___   DOCKET NUMBER ___

DATE  8/28/03

SIGNATURE OF ATTORNEY OF RECORD  *Gary Lee*   P#316035

**FOR OFFICE USE ONLY**

RECEIPT # ___   AMOUNT ___   APPLYING IFP ___   JUDGE ___   MAG. JUDGE ___

# BATES & LEE

*A Professional Corporation*

ATTORNEYS AT LAW

11550 FUQUA, SUITE 370
HOUSTON, TEXAS 77034

Robert D. Bates
Gary Lee

(281) 484-0016
Fax (281) 484-2677

August 28, 2003

United States District Court
Southern District of Texas
FILED

AUG 2 9 2003

Michael N. Milby, Clerk

United States District Court Clerk
P. O. Drawer 2300
Galveston, Texas 77553

G-03-687

Re:    No. _____; **Roberto Alvarez, by and through his next of friend,
       Roberto Alvarez, Jr. vs. Living Centers of Texas, Inc. and Mariner Health
       Care, Inc.;** In the United States Southern District Court of Texas, Galveston
       Division

Dear U.S. District Clerk:

Enclosed for filing are the original and one copy of Plaintiffs' Original Complaint
regarding the above-referenced cause of action.

Also enclosed are two copies of Plaintiffs' Original Complaint with summons attached.
Please issue a summons for the following list of Defendants:

> **Living Centers of Texas, Inc.**
> **c/o CT Corporation System**
> **1021 Main Street, Suite 1150**
> **Houston, Texas  77002**
>
> **Mariner Health Care, Inc.**
> **c/o CT Corporation System**
> **350 North St. Paul Street**
> **Dallas, Texas  78701**

Please return the summons to our office for process of service through a private process
server.

Also, please return to our office a file-stamped copy of this letter for our files. I am providing a self-addressed, stamped envelope for your convenience.

Enclosed is our check in the amount of $150.00 for the filing fees.

Thank you for your assistance.

Yours very truly,
**BATES & LEE, P.C.**

Karen Rhorer
Legal Assistant

/kr
Enclosures