

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ROBERTO ALVAREZ, BY AND THROUGH HIS NEXT FRIEND, ROBERTO ALVAREZ, JR., | § § § § | 6 |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. G-03-687 |
| | § | JURY |
| LIVING CENTERS OF TEXAS, INC.; MARINER HEALTH CARE, INC., | § § § | B-03-212 |
| Defendant. | § § | |

## LIVING CENTERS OF TEXAS, INC. 'S MOTION TO DISMISS, ORIGINAL ANSWER AND JURY DEMAND

Living Centers of Texas, Inc., one of the defendants in the above numbered and styled cause, files this motion to dismiss plaintiff's complaint, and subject thereto, its original answer and jury demand:

### MOTION TO DISMISS

Pursuant to FRCP 12, Living Centers of Texas, Inc. moves to dismiss plaintiff's complaint on the following grounds:

1. Plaintiff's complaint fails to invoke the jurisdiction of this Court. There is no provision of the U.S. Constitution or federal law implicated in plaintiff's suit for which plaintiff has a private right of action.

2. There is not complete diversity between plaintiff and defendants.

3. Plaintiff lacks standing to assert a claim for alleged violations of 42 U.S.C. §§ 483.1-483.251. Alleged violations of these provisions, at best, support a state law negligence claim and do not form a basis for federal question jurisdiction.

20073842.1

4. The exercise of supplemental jurisdiction, if any, is inappropriate under 28 U.S.C. §1367.

5. Plaintiff's complaint, paragraph 12, fails to state a claim upon which relief can be granted.

6. In the alternative, the Galveston Division is not the proper division for this cause. Pursuant to 28 U.S.C. §1404 and for the convenience of the parties and witnesses, in the interests of justice, this cause should be transferred to the Brownsville Division.

7. Plaintiff's Complaint, paragraphs 13 & 14, are vague or ambiguous. Further, these two paragraphs fail to meet the requirements of FRCP Rule 9. Defendant, therefore, moves for a more definite statement.

### ANSWER

Subject to, and without waiving its motion to dismiss, defendant state the following in answer to plaintiff's complaint:

1. Defendant admits the allegations in paragraph 1.

2. Defendant admits that Living Centers of Texas, Inc. is a Delaware corporation and that it operates nursing homes in the State of Texas and does business as Retama Manor Nursing Center/Raymondville in Raymondville, Texas as alleged in paragraph 2 of plaintiff's complaint. The remainder of this paragraph is denied.

3. Defendant denies the allegations contained in paragraphs 3 and 4 of plaintiff's complaint.

4. Defendant admits that Roberto Alvarez was a resident at Retama Manor Nursing Center/Raymondville and that Living Centers of Texas, Inc. does business as Retama Manor Nursing Center/Raymondville as alleged in paragraph 5 of plaintiff's complaint. The remainder of this paragraph is denied.

5. Defendant denies the allegations in paragraphs 6-14 of plaintiff's complaint.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c), defendant affirmatively pleads the following:

1. Plaintiff's complaint fails to state a claim upon which relief can be granted.

2. Plaintiffs' injuries and damages, if any, are the result of a preexisting and/or subsequent condition or conditions which were not caused or contributed to by defendant, its agents, servants, or employees, and over which defendant, its agents, servants, or employees had no control. Defendant would also show the injuries and damages complained of, if any, did not result from any act or omission of this defendant, its agents, servants, or employees.

3. In the alternative, defendant, while denying that plaintiffs were injured by the act or omission of this defendant, its agents, servants, or employees, would show that if plaintiffs did, in fact, sustain any injury as alleged in plaintiff's complaint, such injuries were solely and proximately caused by third persons or factors over which this defendant, its agents, servants, or employees possessed no control or right of control.

4. Pleading further and in the alternative, without waiving the foregoing, defendant would show that the occurrence in question was caused solely by instrumentalities, persons, entities, and factors other than this defendant, its agents, servants, or employees, and resulted from new and independent causes separate and apart from any actions taken by this defendant, its agents, servants, or employees.

5. Pleading further and in the alternative, without waiving the foregoing, defendant would show that the plaintiffs' injuries were caused by a superseding, intervening event which broke the chain of causation, if any, such that any negligence on the part

of this defendant, its agents, servants, or employees, which is denied, could not have been the legal cause, actual cause or proximate cause of the injuries or damage allegedly sustained by the plaintiffs.

6. Pleading further and in the alternative, without waiving the foregoing, this defendant states that the injuries, if any, complained of by plaintiff were a result of an Act of God or were unavoidable events which could not have been prevented.

7. Pleading to the court only, Defendant pleads the protections of TEX. REV. CIV. STAT. ANN. ART. 4590i.

8. Pleading to the Court only, defendant reserves its right to submit to the jury the conduct of any settling person for a determination of their proportionate responsibility. Furthermore, defendant hereby reserves its right to invoke the legal doctrine which entitles them to elect a credit for any monies paid, the forgiveness of debt, or a promised to pay money or any other thing of monetary value, to any plaintiff in consideration of potential liability.

9. Pleading to the court only, defendant further affirmatively pleads that the assessment and an award of prejudgment interest would be violative of the Eighth Amendment of the United States Constitution as it is applied to the States by the Fourteenth Amendment of the United States Constitution in that such award potentially constitutes an excessive fine imposed without the protection of fundamental due process. Accordingly, defendant invokes its rights under the Fifth, Eighth and Fourteenth Amendments to the United States Constitution and respectfully requests that this Court disallow the award of prejudgment interest for the following reasons:

a. Any award by a jury is to be made in an amount of money assessed at the time of trial and is to be paid in dollars to be awarded at the time of trial. As such, the jury

has already factored into its deliberations the change in the value of money from the time of this event, until the time of trial.

b. In awarding prejudgment interest, the plaintiffs would be granted double any prejudgment increase in the value of their case in that, since a jury will take into consideration the time value of money, prejudgment interest on top of the jury's verdict would be an award amounting to double recovery.

c. If prejudgment interest is to be assessed, it should be assessed on a jury verdict rendered at the time of the injury in this case and not the verdict rendered as of the date of the trial of this case. To do otherwise would be a duplicitous award.

10. Defendant hereby reserves the right under Chapter 33 of the Texas Civil Practice and Remedies Code to submit the conduct of any responsible third party as that term is defined in TEX. CIV. PRAC. & REM CODE § 33.011(6).

11. Defendant specifically denies that it is jointly and severally liable. Further, and pleading to the court only, defendant would hereby show and assert that the joint and several liability provisions contained in the Texas Civil Practice and Remedies Code, Section 33.013, and the joint and several liability provisions at common law, if any, are illegal, unconstitutional, and void in all respects due to the following:

a. The application of joint and several liability among the defendants in this case would constitute a taking of property without due process of law guaranteed by the Constitutions of the United States and the State of Texas;

b. Application of joint and several liability among the defendants in this case would be a denial of due process of law and of equal protection of law under the Constitutions of the United States and the State of Texas, in that the liability for damages are attributed to certain defendants or assessed arbitrarily and inconsistently depending upon the solvency, insurability or economic classes of various defendants and impermissibly requires defendants to be liable for the damages caused by a different party who is insolvent, inadequately insured or of a particular economic class;

c. Under Texas law, the application of joint and several liability among the defendants in this case would constitute an *ex post facto* law in that a party can be held liable for damages and acts under circumstances which cannot clearly or readily be identified in advance so as to guide its behavior, and as such is prohibited by the Constitution of the United States and the State of Texas;

d. Application of joint and several liability among the defendants in this case would violate the Excessive Fines Clause of the Eighth Amendment of the Constitution of the United States, as applied to this State through the Fourteenth Amendment of the Constitution of the United States;

e. The application of joint and several liability among the defendants in this case would allow the liability of some defendants to bear no reasonable relationship to the amount of actual damages caused by this defendant, if any, or the degree of fault attributed to this defendant, if any, by the trier of fact and, therefore, constitutes a denial of due process under the Constitutions of the United States and the State of Texas; and

f. The application of joint and several liability pursuant to Texas law in this case would constitute a denial of the absolute right to trial by jury as guaranteed by the Constitutions of the United States and Texas, and the application of joint and several liability should be fully explained to and determined by the trier of fact.

Accordingly, defendant hereby invokes its right under the due process clause of the Fifth Amendment to the United States Constitution as applied to the States through the Fourteenth Amendment of the United States Constitution.

## DEMAND FOR JURY TRIAL

Defendant hereby demands a jury trial pursuant to FRCP 38 and the Constitution of the United States.

Respectfully submitted,

By: _____
John F. Kapacinskas
State Bar No. 11094100
Federal I.D. No. 14635
1301 McKinney, Suite 5100
Houston, Texas 77010-3095
Telephone: (713) 651-5151
Facsimile: (713) 651-5246

Attorney-in-Charge for Defendant Living Centers of Texas, Inc.

OF COUNSEL:
FULBRIGHT & JAWORSKI L.L.P.

## CERTIFICATE OF SERVICE

The undersigned certified that the foregoing pleading was served in compliance with Rule 5 of the Federal Rules of Civil Procedure by hand delivery on this the 30th day of September, 2003:

Gary Lee
Bates & Lee, P.C.
11550 Fuqua, Suite 370
Houston, TX 77034-4588

_____
John F. Kapacinskas