IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

United States District Court
Southern District of Texas
FILED

OCT 27 2003

Michael N. Milby, Clerk

| | | |
|---|---|---|
| ROBERTO ALVAREZ, BY AND THROUGH HIS NEXT FRIEND, ROBERTO ALVAREZ, JR. | § § § § | |
| VS. | § § | CIVIL ACTION NO. G-03-687<br>**JURY** |
| LIVING CENTERS OF TEXAS, INC.; MARINER HEALTH CARE, INC. | § § | |

B-03-212



### JOINT DISCOVERY/CASE MANAGEMENT PLAN
### UNDER RULE 26(f) FEDERAL RULES OF CIVIL PROCEDURE

1. State where and when the meeting of the parties required by Rule 26(f) was held, and identify the counsel who attended for each party.

    The meeting of the parties was held on October 21, 2003, by telephone conference.

    Plaintiffs were represented by Plaintiffs' attorney, Gary Lee.

    Defendant Living Centers of Texas, Inc. was represented by Defendant's attorney, John Kapacinskas.

    Mariner Health Care, Inc. has not appeared as of October 21, 2003.

2. List the cases related to this one that are pending in any state or federal court with the case number and court.

    None that Plaintiff or Defendant are aware of.

3. Briefly describe what this case is about.

    Plaintiffs allege negligent nursing home management and negligent care while Plaintiff, Roberto Alvarez, was a resident of a nursing home known

as Retama Manor Nursing Center/Raymondville in Raymondville, Texas. The nursing home in question was owned and/or operated by Living Center of Texas, Inc. and/or Mariner HealthCare, Inc.

4. Specify the allegation of federal jurisdiction.

   Jurisdiction is based on diversity according to Plaintiff.

5. Name the parties who disagree and the reasons.

   Defendant Living Centers of Texas, Inc. does business as Retama Manor Nursing Center—Raymondville. Defendant maintains that the standards of care applicable to the Defendant and its employees were met during the care and treatment of the Plaintiff. Defendant contests jurisdiction.

6. List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.

   Plaintiff and Defendant do not know of any additional parties that should be included at this time. No discovery has been completed. No disclosures have been made. It is possible that additional Defendants should be included after additional information is obtained.

7. List anticipated interventions.

   None anticipated by the Plaintiff or Defendant.

8. Describe class-action issues.

   None.

9. State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.

   Plaintiff will make initial disclosures on December 5, 2003.

   Defendant will make initial disclosures by December 5, 2003.

10. Describe the proposed agreed discovery plan, including:

 A. Responses to all the matters raised in Rule 26(f).

 B. When and to whom the plaintiff anticipates it may send interrogatories.

   Plaintiffs anticipate they may need to send interrogatories to the main Defendants. If so, said interrogatories should be sent by March 5, 2004.

 C. When and to whom the defendant anticipates it may send interrogatories.

   Defendant anticipates it may need to send interrogatories to the main Plaintiffs. If so, said interrogatories should be sent by March 5, 2004.

 D. Of whom and by when the plaintiff anticipates taking oral depositions;

   Plaintiffs anticipate taking the depositions of the Administrator and Director of Nursing and possibly any Assistant Director of Nursing, nurses on duty when Mr. Alvarez fell injuring his head, a nursing/nursing home expert, a medical doctor, Defendant's experts and other witnesses designated as having knowledge of relevant facts. Plaintiff anticipates that all depositions taken by Plaintiff can be completed by January 14, 2005.

 E. Of whom and by when the defendant anticipates taking oral depositions.

   Defendant anticipates taking the depositions of the key family members identified by Plaintiffs, Plaintiffs' expert witnesses, one or two of Mr. Alvarez's treating physicians, and other witnesses designated as having

3

knowledge of relevant facts. Defendant anticipates that all depositions taken by Defendant can be completed by January 14, 2005.

F. When the plaintiff (or the party with the burden of proof on an issue) will be able to designate experts and provide the reports required by Rule 26(a) (2) (B), and when the opposing party will be able to designate responsive experts and provide their reports.

> Plaintiffs will be able to designate experts and provide reports required by Rule 26(a) (2) (b) by October 15, 2004.
>
> Defendant will be able to designate experts and provide reports required by Rule 26(a) (2) (b) by November 15, 2004.

G. List expert depositions the plaintiff (or the party with the burden of proof on an issue) anticipates taking and their anticipated completion date. See Rule 26(a) (2) (B) (expert report).

> Plaintiffs anticipate taking expert depositions of a medical doctor, a nursing/nursing home expert. It is anticipated that the depositions can be completed by January 14, 2005.

H. List expert depositions the opposing party anticipates taking and their anticipated completion date. See Rule 26(a)(2)(B) (expert report).

> Defendant anticipates taking expert depositions of a medical doctor, a nursing/nursing home expert. It is anticipated that the depositions can be completed by January 14, 2005.

11. If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.

4

Not applicable.

12. Specify the discovery beyond initial disclosures that has been undertaken to date.

    None.

13. State the date the planned discovery can reasonably be completed.

    Plaintiffs and Defendant believe that the planned discovery can reasonably be completed thirty (30) day prior to trial.

14. Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.

    Plaintiffs and Defendant do not have sufficient information at this time to evaluate the case. Plaintiffs and Defendant agree to earnestly discuss settlement after initial disclosures are made and all records are available.

15. Describe what each party has done or agreed to do to bring about a prompt resolution.

    Plaintiffs and Defendant do not have sufficient information at this time to evaluate the case. Plaintiffs and Defendant agree to earnestly discuss settlement after initial disclosures are made and all records are available.

16. From the attorneys' discussion with the client, state the alternative dispute resolution techniques that are reasonably suitable and state when such a technique may be effectively used in this case.

    Plaintiffs and Defendant believe mediation is suitable for this case. Plaintiffs and defendant believe that some discovery must be completed before the case can be realistically evaluated.

17. Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.

5

The parties cannot reach an agreement with respect to a trial before a Magistrate.

18. State whether a jury demand has been made and if it was made on time.

   A timely jury demand was made.

19. Specify the number of hours it will take to present the evidence in this case.

   Plaintiffs estimate 40 to 50 hours.

   Defendants estimate 50 hours.

20. List pending motions that could be ruled on at the initial pretrial and scheduling conference.

   None.

21. List other motions pending.

   Defendant has incorporated in Defendant's answer various requests for dismissal under Rule 12 and in the alternative transfer.

22. Indicate other matters peculiar to this case, including discovery that deserve the special attention of the court at the conference.

   Defendants have agreed to extend the time for Plaintiff's to comply with requirements of 4590i, including reports and résumés until May 5, 2004.

23. Certify that all parties have filed Disclosure of Interested Parties as directed in the Order for Conference and Disclosure of Interested Parties, listing to date of filing for original and any amendments.

   Plaintiffs have filed Disclosure of Interested Parties on September 27, 2003.

   Living Centers of Texas, Inc has filed Disclosure of Interested Parties on

October 24, 2003.

24. List the names, bar numbers, addresses and telephone numbers of all counsel.

**ATTORNEYS FOR PLAINTIFF**

GARY LEE –
Attorney in charge for Plaintiffs
SBN 12118000
FED 6728
Bates & Lee, P.C.
11550 Fuqua, Suite 370
Houston, Texas 77034-4588
281-484-0016
281-484-2677 (Fax)

ANTHONY BUZBEE
SBN 24001820
2401 W Parkwood # B
Friendswood, Texas 77546
281-992-5393

ATTORNEY FOR DEFENDANT
LIVING CENTERS OF TEXAS, INC.

John F. Kapacinskas
Attorney-in-charge
SBN 11094100
FULBRIGHT & JAWORSKI, L.L.P.
1301 McKinney, Ste. 5100
Houston, Texas 77010-3095
(713) 651-5151
(713) 651-5246 (fax)

_____
Counsel for Plaintiff(s)
10/24/03
Date

_____
Counsel for Defendant(s)
10/24/03
Date